IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01907-KLM

CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, a municipal corporation of the State of Colorado,

    Plaintiff,

v.

BOULDER COUNTY, ACTING BY AND THROUGH ITS BOARD OF COUNTY COMMISSIONERS, a body corporate and politic of the State of Colorado, and MATT JONES, CLAIRE LEVY, AND MARTA LOACHAMIN, in their official capacity as Commissioners,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Consent Motion to Hold Scheduling Conference and Case Management Deadlines in Abeyance** [#19][1] (the "Motion to Stay"). The parties request pursuant to Fed. R. Civ. P. 16(b) that the Court hold the Scheduling Conference and deadlines in abeyance pending resolution of the pending Motion to Dismiss [#18] filed by Defendants on August 10, 2021.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Capture Eleven Group v. Otter Products, LLC*, No. 20-cv-02251-RM-KLM, 2021 WL 1697802, at *1 (D.

---

[1] "[#19]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

Colo. Apr. 29, 2021)*; String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994).  As one court noted, "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005).   When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.  *String Cheese Incident*, 2006 WL 894955, at *2.

In this case, the parties do not assert any prejudice or undue burden from a stay. Instead, they assert that it would conserve judicial resources and be more efficient to hold a scheduling conference and establish deadlines, if needed, after the Court has ruled on the Motion to Dismiss [#18].  *See Motion to Stay* [#19] at 2.  With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed.  *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]").  As to the fourth factor, while the Motion to Stay [#19] notes that certain nonparties may seek to intervene in this case, it is anticipated that they too will file a motion to dismiss.  *Id.* at 2 n. 1.  Again, the Court

believes it will be most efficient for all parties and the Court to address the scheduling and other issues after resolution of any motions to dismiss.  Finally, with regard to the fifth and final factor, the Court finds that the public has an interest in the efficient and just resolution of a case.  Avoiding wasteful efforts by the Court clearly serves this interest.  Weighing the relevant factors, the Court concludes that a stay as requested by the parties is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#19] is **GRANTED**.  All case management deadlines are **STAYED** pending resolution of the Motion to Dismiss [#18].

IT IS FURTHER ORDERED that the Scheduling Conference set for September 22, 2021, at 10:00 a.m. is **VACATED**, to be reset at a later date if appropriate.

Dated:  August 20, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge